ANTONIO F. D'ANGELO *et al. vs.* KNIGHTS OF COLUMBUS BUILDING ASSOCIATION OF BRISTOL, R. I., INC. *et al.*

MAY 14, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

78

ROBERTS, J. This bill in equity was brought to enjoin the respondents from acting under an amendment to the zoning ordinance of the town of Bristol. A preliminary injunction was denied and the cause was then heard on the complainants' prayer for a permanent injunction. At the completion of the complainants' case the respondents moved to dismiss the bill. The motion was granted and the bill was dismissed. A final decree to that effect was duly entered from which the complainants have appealed to this court.

The complainants, husband and wife, are owners of property on the north side of State street in said town in a district designated as residence E under the zoning ordinance of 1931. The property is used in part as a residence and in part by the complainant husband as a doctor's office, the latter constituting a permitted use under the classification residence E. The respondent Knights of Columbus Building Association of Bristol, R. I., Inc., hereinafter referred to as Knights of Columbus, is the owner of property adjoining that of complainants which is also in the district zoned as residence E under said ordinance. Prior to the hearing in the superior court a stipulation was filed by the parties substituting the name of Joseph A. Murgo, town engineer of the town of Bristol, as a party respondent in the places of the respondents John Alfred and Angelo Pirri, co-building inspectors of the town of Bristol. By their bill complainants seek to enjoin the use of the property of Knights of Columbus for business purposes.

The merits of this controversy were heard initially on the prayer for a preliminary injunction, and the justice

who heard the matter wrote a lengthy rescript thereon. The decision presently before us was entered by another justice of the superior court who in effect adopted the conclusions contained in the earlier rescript. Upon the hearing for a permanent injunction the bill of complaint was dismissed at the conclusion of complainants' evidence. The procedure herein employed was authorized by general laws 1956, §9-14-22, whereby a respondent at the conclusion of the complainant's evidence may move to dismiss without waiving his own right to proceed with evidence in the event the motion is denied. See *Flynn* v. *Byrne,* 82 R. I. 48.

In the rescript on the prayer for a preliminary injunction, certain specific findings of fact were made. In their briefs and arguments before this court the parties have assumed the existence of the facts recited in that rescript. Upon an examination of the transcript, however, it appears that certain evidence which apparently was before the trial justice who denied the preliminary injunction was not presented in the proceeding which we are now reviewing. In such circumstances we would ordinarily feel constrained to dispose of the instant appeal without reference to that evidence. However, since the evidence in question is not disputed by the parties on this appeal and since the conclusions which we have reached require that the cause be remanded for further proceedings, we are of the opinion that nothing would be accomplished by disregarding the undisputed facts which are essential to a consideration of the legal issue presented. We shall therefore accept as established the unchallenged findings of fact contained in the rescript which was relied on as the basis for the decision. Thus, reference herein will be to the decision contained in the rescript of the justice who heard the prayer for a preliminary injunction.

It appears from such decision that the district in which the properties of complainants and respondent Knights of Columbus are located is largely residential and has been

so classified since the original zoning ordinance of the town. The lot belonging to Knights of Columbus is entirely surrounded by property classified as residential. It is now using this property for general corporate purposes including meetings, dances, wedding parties, and the like, all of which constitute a nonconforming use, which use existed at the time the original zoning ordinance was enacted in 1931.

In March 1957 respondent Knights of Columbus entered into an agreement with the Postmaster General of the United States under which the property would be sold by said respondent to a private party designated by the Postmaster General. It was the intention of the parties that the property would subsequently be leased on a long-term basis to the United States for use as a post office. A post office is not a permitted use under the classification residence E but is a use included under the classification business F, which also embraces the existing nonconforming uses of the property in question and many other uses not available to property in a residence E district.

In March 1957 Knights of Columbus petitioned the town council to change the classification of its lot from residence E to business F. After a public hearing the town council, over the objection of complainants and others, granted the petition to rezone the lot in question. On April 22, 1957 the rezoning amendment was duly approved at a financial town meeting. The instant bill in equity was brought to enjoin Knights of Columbus from using the property for the business purposes allowable under the new classification and also to enjoin the building inspector from issuing a permit for such use.

The complainants contend that in rezoning the lot of Knights of Columbus, the town council exceeded the powers conferred upon it under the enabling act. It is argued that the amendment herein constituted spot zoning and that as such it is invalid because it was not made "in accordance

with a comprehensive plan * * *." It is undisputed that the rezoning accomplished by the amendment applies only to the one lot owned by Knights of Columbus and that all of the surrounding area is still classified as residence E.

In his rescript the trial justice concluded that the amendment in question, although admittedly spot zoning, was not in all the circumstances invalid. He concluded that the rezoning was not solely for the financial gain of the property owner and did not seem to be discriminatory. In upholding the validity of the amendment he relied strongly on the fact that the property was already subject to a nonconforming use and that such use was included within the new classification. Upon the evidence before us, we are of the opinion that the decision cannot be sustained.

The enabling act under which the validity of local zoning enactments must be tested is G. L. 1956, §45-24-3. That section reads:

> "Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote the public health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such town or municipality."

The practice of spot zoning has been described as follows: "Action by a zoning authority which gives to a single lot or a small area privileges which are not extended to other land in the vicinity is in general against sound public policy and obnoxious to the law. It can be justified only when it is done in furtherance of a general plan prop-

erly adopted for and designed to serve the best interests of the community as a whole." *Bartram* v. *Zoning Commission*, 136 Conn. 89, 93. See *Flynn* v. *Zoning Board of Review*, 77 R. I. 118, 125, 126. It is the statutory requirement of comprehensiveness which is of prime importance in cases of spot zoning, since isolated treatment of a small area seems to suggest a departure from the general plan. See *Borough of Cresskill* v. *Borough of Dumont*, 15 N. J. .238. In the case at bar we are of the opinion that the principal issue is whether the amendment in question is part of a consistent local plan of zoning.

The town council in amending a zoning ordinance is exercising a legislative function. *Alianiello* v. *Town Council*, 83 R. I. 395. It is a general rule that local zoning ordinances acquire a presumption of legality. *City of Providence* v. *Stephens*, 47 R. I. 387. This presumption of validity includes the presumption that the zoning enactments were "in accordance with a comprehensive plan * * *." *Rose* v. *City of Andalusia*, 249 Ala. 333; 8 McQuillin, Municipal Corporations (3d ed.), §25.79, p. 179.

It would seem clear, however, that the presumption of comprehensiveness has no application in the case of spot zoning, since by definition there has been special and limited treatment of a small area inconsistent with the treatment accorded to the surrounding property. In *Linden Methodist Episcopal Church* v. *City of Linden*, 113 N.J.L. 188, at page 191, the following language appears: "An attempt to wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood should receive the close scrutiny of the courts lest the zoning enactments, constitutional and legislative, be diverted from their true objectives." Therefore, it must appear from the circumstances that the limited zoning classification made by the amendment was actually in harmony with the broad pattern of zoning throughout the community.

84

The presumption of validity which attaches to local zoning enactments includes also amendments thereto which constitute rezoning. 8 McQuillin, Municipal Corporations (3d ed.), §25.93, p. 212. However, in order to justify the rezoning of a limited area, there must have been either a substantial change of conditions in the area since the original comprehensive ordinance or a mistake in the original ordinance. *Temmink* v. *Board of Zoning Appeals*, 205 Md. 489. Since the original ordinance is presumed to have been comprehensive, subsequent departures therefrom must be justified. *Wakefield* v. *Kraft*, 202 Md. 136. See *Hyde* v. *Incorporated Village of Baxter Estates*, 140 N.Y.S.2d 890.

Upon the record before us it does not appear that the rezoning of the property of Knights of Columbus was in pursuance of the general scheme prevailing throughout the town of Bristol. The property in question is admittedly surrounded by property zoned residence E. The use of the rezoned area at the present time is substantially the same as it was in 1931 at the time of the original zoning. As far as is indicated on the present state of the record, a single lot has received a classification inconsistent with its surrounding neighborhood. There has been no showing of any general policy or legitimate zoning pattern which would warrant this amendment. In *Cassinari* v. *City of Union City*, 1 N.J.Super. 219, at page 222, on somewhat similar facts the New Jersey court said: "If the amendment were permitted to stand the individual respondents' property would be the only one on New York Avenue in the entire area from Eighth Street through Twenty-Sixth Street which would be available for all of the various uses permitted in business districts; all other properties within the area, though similarly situated, would be confined to their use as dwellings or if they were non-conforming uses to a restricted continuation thereof. * * * Such arbitrary discrimination has been consistently struck down by our courts."

The trial justice noted in his rescript that there appeared to be at least two other nonconforming uses within the residence E zone surrounding the property of Knights of Columbus. If the existence of such nonconforming uses in the neighborhood be urged as a basis for alteration of the original zoning plan, then in our judgment such alteration has not been accomplished properly in this case. A change in the character of the neighborhood may justify a rezoning of the *neighborhood*, but it does not justify the singling out of one lot therein for spot zoning. *Cassinari* v. *City of Union City, supra.* Furthermore it does not appear in the case at bar whether the apparent nonconforming uses in the neighborhood existed before the original zoning ordinance was enacted, in which case they are presumed to have been part of the original plan, or whether they have developed as part of a change in the neighborhood.

In the briefs and arguments before us much emphasis has been placed on the fact that the rezoned property was itself subject to a prior nonconforming use. In the circumstances we fail to see how this fact could justify a rezoning. The trial justice stated that the nonconforming use of this property has been in existence since 1921, ten years prior to the enactment of the original zoning ordinance. Thus the ordinance of 1931 could not legally have prevented such use to conform with the general plan since the enabling act expressly preserves existing uses. General laws 1956, §45-24-10. *Bates* v. *Stiteley,* 84 R. I. 458. Since the zoning authority was legally unable to prevent the nonconforming use, the existence of that use at the present time would seem to bear no relation to the validity of an amendment rezoning only that one lot.

The comprehensive plan upon which the original ordinance of 1931 was based included the nonconforming use of the property in question. Therefore it does not seem logical to invoke the existence of this nonconforming use as a reason for a limited amendment of the original plan. *Kuehne*

v. *Town Council,* 136 Conn. 452; *Mueller* v. *C. Hoffmeister Undertaking & Livery Co.,* 343 Mo. 430. The mere fact that the property is subject to a nonconforming use is not ground for rezoning where the extension of such use does not accord with a general plan of zoning. *Penning* v. *Owens,* 340 Mich. 355. See also *Speakman* v. *Mayor and Council,* 8 N. J. 250.

The trial justice apparently placed considerable reliance upon the case of *Keller* v. *City of Council Bluffs,* 246 Iowa 202, in which a spot zoning amendment was upheld. In that case the court emphasized that it would be an economic hardship upon the property owner not to permit the desired use and concluded that the existence of nonconforming uses in the area supports the validity of spot zoning. We are not persuaded by the reasoning of that case. The opinion therein suggests that a variance should have been granted to permit the nonconforming use and later speaks of the rezoning amendment as an exception.

Zoning ordinance amendments are subject to the statutory requirement of comprehensiveness, whereas exceptions and variances for nonconforming uses are, by definition, departures from the "comprehensive plan." Therefore a spot zoning amendment should not be treated as an exception or a variance. We are of the opinion that the reasoning in the *Keller* case, *supra,* is inconsistent with the general zoning principles stated in *Bartram* v. *Zoning Commission, supra,* and *Cassinari* v. *City of Union City, supra,* and we prefer to follow the approach of the latter cases.

The validity of spot zoning in a particular case depends upon whether the zoning authority operated within the limitations prescribed by the enabling act. General laws 1956, §45-24-3. If the circumstances indicate that the new zoning classification is consistent with the over-all local plan and is in the best interests of the community as a whole, then the spot zoning may be upheld. *Bartram* v. *Zoning Commission, supra.* It is not enough, however, that

the intended use of the property will be of benefit to the community. *Parker* v. *Rash,* 314 Ky. 609. The requirement of consistent zoning treatment throughout the community is basic to the local zoning power and may not be disregarded. See *Leahy* v. *Inspector of Buildings,* 308 Mass. 128.

In our judgment on the present state of the record the complainants have made a sufficient showing of invalid spot zoning to entitle them to relief. The classification of the property of the respondent Knights of Columbus does not appear to be consistent with the classification of surrounding properties similarly situated. Therefore we are of the opinion that the amendment was not in accord with the statutory requirement of comprehensiveness in zoning.

The complainants' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Ferdinand A. Bruno, Pasquale T. Annarummo,* for complainants.

*Joseph D. Accardi,* for respondent Knights of Columbus Building Association of Bristol, R. I., Inc.

*Frank L. Martin,* Town Solicitor.

*Joseph Mainelli,* U. S. Attorney, *Arnold Williamson, Jr.,* Ass't U. S. Attorney, as amicus curiae.