205 A.2d 235.

ROBERT GOELET *vs.* BOARD OF REVIEW OF THE CITY OF NEWPORT.

DECEMBER 9, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the board of review of the city of Newport in granting the application of Ralph E. Gunning and Catherine F. Gunning, his wife, for an exception from the zoning ordinance. We issued the writ and in compliance therewith the board have returned all the records of their proceedings pertaining to such application for our inspection.

The applicants are the owners of a certain lot of land situated on Bellevue avenue and designated as lot No. 17 on tax assessor's plat No. 37. It is in an R 40 residential district where only one and two-family dwellings are permitted. However, under sec. 78-7 of the zoning ordinance "The following uses may be allowed but only when authorized by the Board of Review as Special Exceptions: (1) Conversion of one or two-family dwellings as conditioned in Section 11a." That section provides for such conversion to dwellings for three to six families on condition that "The converted dwelling must be located on a lot having at least the required frontage and area for the zoning district in which it is located." Sec. 78-11(a) (1).

In an R 40 district where the applicants' lot is located the minimum frontage required by the ordinance is 200 feet. Sec. 78-9. The frontage of the applicants' lot is only 140 feet. When the zoning ordinance was adopted in 1939 it

contained no frontage requirement pertaining to such lot. On August 15, 1956 a comprehensive amendment to the ordinance was adopted which provided the above-quoted frontage requirement.

On October 21, 1963 the applicants applied for an exception under sec. 78-11(a) to convert a two-family dwelling on their lot to a five-family dwelling by adding three apartments. In aid thereof they also asked for a variance of the frontage requirement of 200 feet to 140 feet. At the hearing before the board on such application petitioner herein, who is the owner of real estate situated immediately adjacent to the applicants' lot, appeared by counsel as a remonstrant and moved to dismiss that portion of the application pertaining to a variance on the ground of the board's lack of jurisdiction. The board took the motion under advisement and proceeded to hear the application on the merits.

At the conclusion of the hearing the board denied the motion and declared that in their view the applicants' lot was not subject to the 200-foot frontage since "the 140' frontage was in existence prior to the adoption of the Zoning Ordinance in 1939 * * *." Having thus decided that they had jurisdiction, they decided further from the facts presented at the hearing and their own view of the location of the lot and the surrounding area that to grant the application would not be detrimental to the neighboring property or the public welfare. They accordingly approved the application subject to certain restrictions which need not be enumerated here.

The petitioner contends that the board erred in varying the condition of required lot frontage to which their power to grant an exception under sec. 78-11(a) (1) was made expressly subject by the zoning ordinance. He argues that such condition is not a mere building regulation pertaining to a permitted use but an indispensable condition prece-

dent to the exercise of the board's authority to allow a special exception to the ordinance under secs. 78-7 and 78-11(a) (1).

In answer to such contention the board rely on *Reynolds* v. *Zoning Board of Review*, 96 R. I. 340, 191 A.2d 350, and *H. J. Bernard Realty Co.* v. *Zoning Board of Review*, 96 R. I. 390, 192 A.2d 8. In those cases we held, following *Viti* v. *Zoning Board of Review*, 92 R. I. 59, that where an applicant was not seeking an exception or a variance for a nonpermitted use but was seeking only a variation of regulations prescribing side or rear yard lot lines pertaining to a permitted use he was not required to show that he would suffer the loss of all beneficial use of his land if such regulations were literally enforced.

In the instant case the board were confronted with an entirely different situation, and we are clearly of the opinion that they were without jurisdiction to vary the frontage requirement. Here the applicants were seeking permission not to vary a mere building regulation pertaining to the permitted use of their lot but to change the use to one not allowed in an R 40 district except with the board's approval in accordance with the authority conferred upon them by sec. 78-7 and subject to the conditions in sec. 78-11(a) of the ordinance. The ordinance further provides in sec. 78-12 (C) (5) that "In authorizing special exceptions the Board shall be bound by the conditions for specific uses which are set out in this ordinance * * *."

The minimum frontage of a lot in an R 40 district is 200 feet. The existence of such a frontage in the applicants' lot was a condition precedent to the jurisdiction of the board to consider the application for an exception under secs. 78-7 and 78-11(a) of the ordinance. With reference to applicants' entitlement to invoke relief under those sections the facts that there was no frontage requirement when the zoning ordinance was first passed in 1939 and that ap-

plicants' lot had a frontage of 140 feet before that time are of no consequence. The board were in error in holding that for such reasons the frontage requirement was met regardless of the express provision of the ordinance requiring a frontage of 200 feet.

In such circumstances we have heretofore consistently held that "The power of a zoning board of review to make exceptions to the terms of a zoning ordinance is controlled by the pertinent provisions thereof." *Cole* v. *Zoning Board of Review,* 94 R. I. 265, 179 A.2d 846. In that case we quashed the board's decision because it was made in excess of their jurisdiction. And in *Carey* v. *Cassidy,* 81 R. I. 411, where the applicant sought an exception to convert a barn in a residential C district into a four apartment house, we held that the board were without jurisdiction because the lot lacked the necessary area.

Section 7 of the ordinance then in force permitted an apartment house only when approved by the board of review. Section 9 provided that no dwelling for more than two families should have less than 20,000 square feet. The board attempted to grant relief from that requirement in exercise of their power of approval under sec. 7. We held that they were without power to relieve from the mandatory requirement of sec. 9 and said, "Since it is admitted that respondents' lot was less than 20,000 square feet in area, the board was clearly without jurisdiction in the matter and, therefore, its grant of a 'permit' to them for a four-family apartment was null and void."

However, the board make a final contention that their decision can be supported on the basis of the authority granted to them by G. L. 1956, §45-24-13, to except from the terms of the ordinance "where such exception is reasonably necessary for the convenience or welfare of the public." Assuming without deciding that the board have such power solely under the general enabling act regardless of

the absence of a specific grant in the ordinance, the short answer to the board's contention is that there is no evidence in the record before us that the special exception granted here was necessary for the public welfare or convenience.

Certain other points were briefed and argued, but since we are of the opinion that the board were without jurisdiction to grant the relief applied for we need not consider such points.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to us are ordered returned to the board with our decision endorsed thereon.

*Moore, Virgadamo, Boyle & Lynch, Jeremiah C. Lynch, Jr.,* for petitioner.

*James S. O'Brien,* City Solicitor for City of Newport.