219 A.2d 484.

HENRY F. ANDERSON *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MAY 19, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J.   This petition for certiorari was brought to review a decision of the zoning board of review of the city of Warwick denying the petitioners' application for permission to erect and operate a gasoline service station on land zoned presently for heavy industrial uses.   Pursuant to the writ, the respondent board has returned the record in the cause to this court.

It appears therefrom that petitioners are the owners of land located on Jefferson Boulevard, the classification of which permits heavy industrial uses. It further appears that a national distributor of petroleum products has agreed to purchase this land from petitioners if such permission for its use as a gasoline service station is granted. In seeking relief from the provisions of the ordinance, petitioners in their application refer specifically to sec. 14.2.2 wherein it is provided that a variance to the terms of the ordinance may be granted when such "will not be contrary to the public interest" upon a showing of the requisite unnecessary hardship; to sec. 14.2.3, which authorizes the making of special exceptions to the terms of the ordinance when "reasonably necessary for the convenience and welfare of the public"; and to sec. 14.2.4, which prescribes certain specific exceptions that may be granted when the same "promote the general welfare of the city * * *."

The applicants produced evidence at the hearing tending to prove that the land in question was unsuitable for heavy industrial uses and that their attempts to sell it for such uses were without result. They introduced evidence also, some of it through expert witnesses, that the use of the land as the site of a gasoline service station would not injure the value of surrounding property and would greatly convenience the employees of nearby industrial plants as well as motorists using Interstate Route 95, to which the lots are adjacent. The record does not disclose any objections to granting the application.

The board, after conducting a hearing thereon, filed its decision, noting therein that it had inspected the premises involved as well as surrounding property and had weighed the testimony adduced at the hearing. It therein concluded that "to grant this petition would be contrary to the public interest in that it would seriously hamper the orderly development of an industrial district, which district is peculiarly suitable for industrial uses; therefore, be it resolved

that this petition be denied on these grounds." The record does not disclose the conditions or circumstances observed by the board in the course of its inspection as is required under the rule stated in *Kelly* v. *Zoning Board of Review*, 94 R. I. 298. In this circumstance we are compelled to treat as mere surplusage the board's statement that an inspection had been made.

In contending that the board abused its discretion in denying them a variance, petitioners argue, in effect, that it overlooked or misconceived the probative force of evidence adduced by them on the issue of unnecessary hardship. It is to be conceded that the board made no express finding that a literal application of the provisions of the ordinance restricting the use of this land to heavy industrial activities would or would not deprive the applicants of all beneficial use thereof. It is to be conceded also that the applicants did adduce testimony tending to establish their inability to sell the land for heavy industrial uses. It must be noted, however, that the testimony thus referred to was open equally to a reasonable inference that an easing of the restrictions on the land involved would make possible a more profitable sale of the land. What petitioners overlook is that this court is reviewing the action of the board on certiorari and will not, absent some unusual circumstance, weigh the evidence on which the board made its determination, whether that be affirmative or negative.

Were we fully persuaded that the issue of hardship was controlling on the question of an abuse of discretion in this case, we would be inclined to remand it to the respondent board with direction that it discharge its obligation to exercise effectively the fact-finding power conferred upon it. In this regard we said in *Noyes* v. *Zoning Board of Review*, 94 R. I. 15, at page 22: "It is our opinion that it is the duty of a board of review to exercise the fact-finding power conferred upon it to such an extent that the ultimate facts upon which its decision rests are sufficiently stated to enable this

court to intelligently determine on review by certiorari that error of law either does or does not inhere in that decision." However, the evidence on the issue of hardship is so inconclusive that such remand would not be warranted.

We turn to consider respondent board's contention that this application was denied on the ground that to vary the terms of the use restrictions applicable to these lots in effect would alter the comprehensive plan reflected in the terms of the zoning ordinance. In other words, respondent board argues, as we understand it, that the public interest, on which land use restriction must rest to constitute a valid exercise of the police power, was declared by the local legislature in enacting the ordinance. That public interest, it is argued, includes the orderly development of an industrial park in the area of Jefferson Boulevard, and it would constitute an abuse of discretion were the board to vary such restrictions on the use, absent a showing that such action would not hinder or defeat the effectuation of the comprehensive plan. It is elementary that a zoning board of review is without authority thus to alter or defeat the comprehensive plan.

However, this court has held that such limitation does not apply to local legislatures and that the terms of an ordinance may be amended under the police power, *Cianciarulo* v. *Tarro,* 92 R. I. 352, and in *Hadley* v. *Harold Realty Co.,* 97 R. I. 403, 198 A.2d 149, we recognized that local legislatures may amend the terms of a zoning ordinance although such amendment has the effect of altering the comprehensive plan when such legislatures act within the scope of the delegated police power. A board of review, however, may not deny an application for an exception established within the terms of the ordinance on the ground that it conceives a grant thereof would have the effect of altering or amending the comprehensive plan. This because clearly such exceptions, when prescribed by the terms of the ordinance,

constitute a part of the comprehensive plan which is evidenced by the ordinance. *D'Angelo* v. *Knights of Columbus Building Association of Bristol, R. I., Inc.,* 89 R. I. 76.

We, therefore, conclude that the board misconceived the scope of its discretion to deny an exception when it did so in the instant case on the ground that to grant such exception "would seriously hamper the orderly development of an industrial district * * *." Taking all the circumstances into consideration, it is our opinion that the interests of justice would be best served if this litigation were terminated without prejudice to the petitioners' right to apply to the respondent board again for such relief as they may deem appropriate in the circumstances.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the respondent board is affirmed without prejudice to the right of the petitioners to seek further relief in such manner or form as they deem appropriate, and the record certified to this court is ordered sent back to the respondent board with our decision endorsed thereon.

*Moses and Lauria, Israel Moses,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent.