[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appeal from a decision of the Zoning Board of Review of the City of Providence (hereinafter "the board") denying the application of Andrew Mitrelis, Diane Mitrelis, D G Restaurant Ltd., d/b/a Laguna (hereinafter "appellants") for an exception or variance to permit them to operate an outdoor cafe in conjunction with an existing restaurant, and to modify off-street parking requirements to create the necessary space for outdoor seating. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
Appellants are the owners of property located at 228 Meeting Street, Providence, which is identified as Lot 20 on Assessor's Plat 13 in a commercial C-2 zone. On July 14, 1989 appellants filed an "Application for exception or Variation under the Zoning Ordinance" for a "Modification for parking of present off-street parking area . . . for an outdoor cafe . . ." (See July 14, 1989 application) The Zoning Inspector, citing sections 24-C-2(a), 24-C-3, 51-A-3, 91 and 92 which control parking requirements, modifications of requirements, permitted uses, and powers of the board respectively, refused to issue a permit for noncompliance.
Public hearings on the matter were held before the Zoning Board of Review on November 29, 1989, January 23, 1990, and February 27, 1990. At these hearings, appellants offered testimony in support of the application including a 1970 resolution by the board which granted modification of parking requirements for construction of the present building, a letter from the Department of Traffic Engineering offering no objection, and a copy of a license issued to appellants by the Director of Public Works for outside tables and chairs at a different
location nearby.
At these hearings, the board heard testimony in opposition to the application from three neighborhood residents, and the Associate Director of Brown University Government and Community Relations. The board also considered opposition letters from nearby residents, Brown University Vice-President of University Relations, and Councilman Farmer from the Second Ward of the City of Providence. On February 27, 1990, ultimately, the board denied the application.
This Court's review of a zoning board decision is controlled by General Laws 1956 (1988 Reenactment) § 45-24-20, which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined ". . . as more than a scintilla but less than a preponderance" Id.
at 824; ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
Initially, appellants contend that the zoning board treated the application as one for a variance or special exception rather than a modification, and therefore erred as a matter of law. Appellants further contend that the requested modification is more in the nature of a deviation proposing a use that appellants claim is customarily incident to the operation of a restaurant. After its review of the whole record, this Court is not persuaded by appellants' arguments, and finds that the board reached the correct conclusion after applying the proper standard.
Under Providence Zoning Ordinance section 51-A-3 appellants' present use is permitted only when conducted "wholly within a building." As such, it is properly called a conditionally permitted use. The proposed additional use as an outdoor cafe is clearly not a permitted use. Therefore, the relief sought is a true variance request.
A true variance is necessary to use land for a use not permitted under the applicable zoning ordinance. Felicio v.Fleury, 557 A.2d 480, 482 (R.I. 1989). To obtain a variance, one must satisfy the "unnecessary hardship" standard of G.L. 1956 (1980 Reenactment) § 45-24-19(c) by presenting probative evidence that a literal application of the terms of the ordinance would deprive him of all beneficial use of his property. Gaglione v.Dimuro, 478 A.2d 573, 576 (R.I. 1984). The mere showing of a more profitable use that would result in a financial hardship if denied does not satisfy the requirement of unnecessary hardship.Rhode Island Hospital Trust National Bank v. East ProvidenceZoning Board of Review, 444 A.2d 862, 864 (R.I. 1982). Furthermore, the award of a variance was never intended as a guise to guarantee a property owner a more profitable use of his property. Rozes v. Smith, 120 R.I. 515, 388 A.2d 816 (1978).
In the instant case, the board found that the appellants simply had not met the burden of proving loss of all beneficial use of the property. A thorough review of the record discloses that appellants' only argument relating to beneficial use is an allegation regarding a drop in restaurant business necessitating the use of an outdoor cafe during the summer season. (November 29, 1989 Record, pp. 18-21) The board found this testimony unconvincing.
Alternatively, appellants contend that the proposed use is customarily incident to the operation of a restaurant. This argument is without merit since it ignores the condition precedent that must initially be satisfied in order for a restaurant to be a permitted use in a C-2 zone, namely, operating wholly within the building. Appellants are not merely seeking to modify a regulation for the permitted use of their lot, but to vary the use to one not allowed except under specified conditions. Our Supreme Court has held that it would be outside of the zoning board's jurisdiction to consider an application for such a variance or exception. Goelet v. Board of Review,99 R.I. 23, 205 A.2d 135 (1964). Furthermore, where an operation is a conditionally permitted use, a zoning board is powerless to grant even a deviation once it concludes that the condition is not satisfied. Northeastern Corporation v. Zoning Board ofReview of the Town of New Shoreham, 534 A.2d 603 (R.I. 1987).
For the above reasons, and after a review of the whole record, this Court concludes that the board's decision was supported by substantial evidence and was not against the law or evidence and the weight thereof. Accordingly, the February 27, 1990 decision of the Zoning Board of Review of Providence is affirmed.