[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the City of Cranston. The plaintiffs seek reversal of the Board's October 12, 1989 decision granting defendants' petition to construct an office and storage building to house a tree service business. Jurisdiction in this Court is pursuant to G.L. 1956 (1988 Reenactment) § 45-24-20.
FACTS AND TRAVEL OF THE CASE
The subject property is located at 30 Wheatland Avenue in Cranston (hereinafter the "Wheatland Property"). Said property is located in an M-2 industrial zone as defined in Cranston's zoning ordinance ("Ordinance"). Under the Ordinance, M-2 land cannot be developed unless it is at least 60,000 square feet in area and has street frontage of 200 feet. The Wheatland Property is 18,000 square feet and has 100 feet of street frontage.
John Curtin, a named defendant, is the owner of the Wheatland Property. He acquired the property in 1978 and 1981. Michael Sepe and Northeastern Tree Services ("Northeastern") are the other named defendants. Sepe owns Northeastern and sought to locate it on the Wheatland Property.
Curtin and Northeastern applied to the Cranston Zoning Board of Review for permission to construct a 50 foot by 50 foot building on the Wheatland Property for use by Northeastern. The building would house a 15 foot by 15 foot office, and the remainder of the area would primarily be used for storage. The defendants sought relief from the lot size and frontage requirements.
The Board sent notice of the application to the owners of the surrounding property, including Mill Development Company ("Mill") and Lexington Associates ("Lexington"). The Board held a public hearing on the application. On October 12, 1989, the Board issued a written decision granting defendants the relief they sought.
The plaintiffs filed the instant appeal with this Court on October 30, 1989. They raise the following issues: 1) whether defendants must meet the standard for a "Viti variance" or the more stringent standards set out in the Ordinance; 2) whether defendants presented evidence sufficient to meet the applicable standards; 3) whether the Board's granting of defendants' application constituted spot zoning; 4) whether the Board gave plaintiffs adequate notice of the public hearing on defendants' application; and 5) whether a lack of standing of Sepe and Northeastern requires this Court to overturn the Board's decision.
APPLICABLE STANDARD OF REVIEW
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined as ". . . more than a scintilla but less than a preponderance,"Id. at 824; and ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
DISCUSSION
The Court must first determine whether the Board used the proper standard when considering the defendants' application. The defendants argue that the standard set forth in Viti v. ZoningBoard of Review of Providence, 92 R.I. 59, 166 A.2d 211 (1960), and its progeny (the "Viti doctrine") should apply. The plaintiffs contend that the "Viti doctrine" is inapplicable and that, when considering the defendants' application, the Board should have used the more stringent standard in Section 30-49(p) of the Ordinance.[1]
 Viti applies where an applicant seeks relief from regulations governing the enjoyment of a permitted use; it does not apply where an applicant seeks to use property in a way not permitted. Gara Realty v. Zoning Board of Review of SouthKingstown, 523 A.2d 855, 858 (R.I. 1987). The Supreme Court, elaborating on this distinction, has held that Viti applies where the relief sought is from area or setback restrictions.DeStefano v. Zoning Board of Review of Warwick, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1987). Thus, the "Viti doctrine" applies to cases such as this one where the relief sought is from area and frontage requirements.
The plaintiffs argue, however, that the local ordinance renders Viti inapplicable to this case. They argue, in effect, that the Cranston zoning ordinance "preempts" Viti. There are three types of situations where a local zoning ordinance preemptsViti. First, Viti is inapplicable where the local ordinance allows the applicant to obtain the relief sought by special exception. DeStefano, 122 R.I. at 246, 405 A.2d at 1170. Second, Viti does not apply where the local ordinance conditionally permits the requested use. Goelet v. Board ofReview, 99 R.I. 23, 24, 205 A.2d 135, 135-36 (1964). And, third,Viti does not apply where the ordinance does not permit as a matter of right the intended use on the subject property. SeeSun Oil Co. v. Zoning Bd. of Review, 105 R.I. 231, 234,251 A.2d 167, 169 (1969); Health Havens, Inc. v. Zoning Bd. ofReview, 101 R.I. 258, 263; 221 A.2d 794, 797 (1966). Thus, whether the local ordinance preempts Viti depends on how the Cranston city council classified the defendants' proposed use in the Ordinance.
The Board in this case heard testimony that the Wheatland Property would be used for a facility for office space, equipment storage and some processing of cut wood. (Transcript, pp. 7-8). Standing alone, this testimony would be sufficient to sustain a finding that the use is permitted under the provision of Section 30-15 which provides that the following are permitted uses:
 Other research, manufacturing, storing, processing, treating, fabricating, packaging, wholesale distribution, or assembly activities. . . .
However, the Board had before it additional evidence to support its conclusion that the use was permitted. Cranston's building inspector, Alexander Peligian, submitted a letter to the Board stating that the proposed use "will be appropriate in an M-2 general industry zone." Letter of Alexander Peligian. Also, Thomas St. Claire, a qualified real estate expert, testified that the proposed use was permitted under the Ordinance. (Transcript, p. 18).
The plaintiffs argue that, even if it could be permitted under the cited portion of Section 30-15, the defendants' proposed use is specifically prohibited by another provision of Section 30-15, which prohibits the following as a primary use in an M-2 zone:
 Office, including display or sales space of a wholesale, jobbing, or similar establishment where not more than 25 per cent of the floor area is used for assembly, packaging, or storing merchandise.
By the plaintiffs own admission, only 9% of defendants' proposed building will be used as a business office. (Plaintiffs' Brief, p. 14). Thus, the property will not be used primarily as an office. Further, the quoted provision refers to "wholesale, jobbing or similar establishments." Defendants' is a service business. This provision therefore does not prohibit the use proposed by the defendants and there is significant evidence to support the Board's conclusion that such intended use was permitted under the Ordinance.
Under the Ordinance, the defendants' proposed use is thereby permitted as a matter of right; it is not conditional. And, the Ordinance does not authorize defendants' requested relief by special exception. The Ordinance therefore does not preclude the application of the "Viti doctrine" to this case.
Whether the relief granted by the Board met the standards of the Viti doctrine must now be addressed. An applicant can meet the "more than a mere inconvenience" standard needed to obtain aViti variance if it can be shown that relief is ". . . reasonably necessary for the full enjoyment of his permitted use." DiDonato v. Zoning Board of Johnston, 104 R.I. 158, 165,242 A.2d 416, 420 (1968). Further, an applicant must show that the proposed "Viti variance" will not be contrary to the public interest. Id. at 163, 242 A.2d at 489.
The Wheatland Property is too small and has inadequate frontage to be developed under the M-2 restrictions in the Ordinance. Therefore the defendants cannot develop the property unless they are afforded relief from the zoning restrictions. And, if the defendants cannot develop the property, they cannot use it as permitted under Section 30-15 of the Ordinance. Thus, the relief requested by the defendants is "reasonably necessary" to allow full enjoyment of the permitted use of the property. Further, St. Claire testified that the proposed use would not injure the public health, safety or welfare or be injurious to the surrounding neighborhood. (Transcript p. 17). The Board's granting of a "Viti variance," therefore, was appropriate.
The plaintiffs further argue that this Court should overturn the Board's decision because: 1) it constitutes spot zoning, 2) the plaintiffs received inadequate notice, and 3), Northeastern and Sepe did not have standing to request relief.
Spot zoning issues usually arise where a local zoning board amends its zoning ordinance to permit a use on a particular piece of land that is inconsistent with the uses allowed on neighboring land. See D'Angelo v. Knights of Columbus Building Associationof Bristol, 89 R.I. 76, 151 A.2d 495 (1959). The plaintiffs acknowledge this but contend that G.L. 1956 (1991 Reenactment) §45-24-3 also requires zoning amendments to be consistent with the requirements of the applicable comprehensive plan.
The plaintiffs' argument fails for two reasons. First, the actions by the Board in this case did not amount to a zoning amendment. The Board merely granted relief from certain regulations governing the enjoyment of a permitted use. Thus, §45-24-3 is not applicable. Second, even if § 45-24-3 required a zoning board to comply with its comprehensive plan when granting a "Viti variance," there still would not be grounds for overturning the Board's decision in this case.
The Comprehensive Plan of the City of Cranston provides the following with respect to industrial land:
 Desirable sites for industry have the general characteristics of adequate size, the availability of utilities, flat and drainable topography, and accessability to railroads or major highways. There is very little vacant land remaining in the built-up part of the City which possesses these characteristics. If prime industrial land is not available in the future, the costs to the City of continued residential development will not be balanced by increased tax revenues which would be brought into the City Treasury by new industrial growth.
 The economic future of the Providence metropolitan area depends in large measure on the development of industry which will maintain a high level of employment, a high standard of living, and a sufficiently large tax base to support essential public services and provide community facilities. It is essential, for the welfare of Cranston . . . that adequate sites for industry be provided.
An important purpose of the Comprehensive Plan, therefore, is to accommodate the growth of industry, as this would strengthen Cranston's tax base and provide employment for those in the area. Mr. Sepe testified that he would locate Northeastern on the property if the Board granted the requested relief. (Transcript, p. 7). He testified that Northeastern employs six persons. (Id., p. 8). Mr. St. Claire testified in his expert capacity that the proposal was in harmony with the Comprehensive Plan. (Id. pp. 17-18). Thus, there is substantial evidence in the record showing that the Board's decision complies with Cranston's Comprehensive Plan and there is no basis for the plaintiffs' claim that the Board's decision constitutes spot zoning.
The plaintiffs next argue that they did not receive adequate notice and the Court should therefore overturn the Board's decision. It is true that adequate and sufficient notice of the pendency of board action is a requirement of due process in zoning matters, Zeilstra v. Barrington Zoning Bd. of Review,417 A.2d 303, 307 (R.I. 1980); and that notice "must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected." Id. (quoting Paquette v. Zoning Bd.of Review of West Warwick, 118 R.I. 109, 111, 372 A.2d 973, 974 (1977)). However, when a party appears before a zoning board, the right to object to any alleged defects of notice is waived. Id;Champagne v. Zoning Bd. of Review of Smithfield, 99 R.I. 283, 288, 207 A.2d 50, 53 (1965); Perrier v. Board of Appeals ofPawtucket, 86 R.I. 138, 144, 134 A.2d 141, (1957). The plaintiffs, armed with an attorney and expert witness, appeared before the Board to present their objections in this case. They cannot now argue that notice to them was insufficient.
The plaintiffs also argue that Sepe and Northeastern lacked standing to petition the Board, and that consequently the Board's decision is rendered ineffectual. The owner, John Curtin, joined in the application to the Board. That, alone, was sufficient to empower the Board to grant the requested relief. This argument therefore is also without merit.
After considering the whole record, this Court finds that the Board's decision is supported by reliable, probative and substantial evidence. The October 12, 1989 decision of the Board, therefore, is not clearly erroneous and is hereby affirmed.
Counsel shall prepare an order for entry within two weeks.
[1] To meet the Viti standard, one must only show that denial of relief sought will amount ". . . to something more than a mere inconvenience." Rozes v. Smith, 120 R.I. 515, 519,388 A.2d 816, 818 (1978). In contrast, section 30-49(p) of the Ordinance requires, among other things, that an applicant demonstrate that "he can make no reasonable use of his property."