207 A.2d 50.

ARMAND J. CHAMPAGNE *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF SMITHFIELD.

FEBRUARY 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari seeks to review the action of the respondent zoning board granting a special exception for the use of approximately six acres of land, located in a district zoned for farming, as camp sites and prays that the decision be quashed. The writ issued and pursuant thereto the appropriate papers were certified to this court.

It is established therefrom that Daniel W. and Corielynne E. Latham are the owners of a large tract of farm and wood land, consisting of 74 acres, designated as lot 6 on assessors plat 49 and fronting on Log Road. The Lathams, hereinafter called the applicants, had applied on March 18, 1964 for permission to devote a portion of the land for use as camp sites without specifying the number of sites to which the use would be devoted. At the conclusion of the hearing on this application on April 29, 1964, it was withdrawn without prejudice.

On May 14, 1964 application was again made, specifying the total number of proposed sites as twenty. Notice of a hearing on May 27, 1964 was duly published and the clerk of the board certified that written notice was mailed to adjacent property owners entitled to such notice under the ordinance. However, at the meeting on May 27 counsel for petitioner Donald M. Walker informed the board that his client had not received the required written notice. The petitioners contend this was fatal to the board's jurisdiction. We will consider such contention at a more appropriate juncture.

At the hearing applicant Daniel Latham testified that he and his wife had owned the land since 1938; that until 1948 it was used for dairy farm purposes; that since 1957 it had been put to recreational uses; that they had received a number of requests for the development of camp sites, including one from the Rhode Island Development Coun-

cil; that the twenty sites would be confined to six acres, as shown on a plat plan introduced in evidence; and that flush toilets would be installed. He further testified that public convenience would be served; that adjoining property would not be impaired; and that the proposed use would not be contrary to public interest.

His testimony was supplemented by the introduction of a letter from the chief of the publicity and recreation division of the Rhode Island Development Council, a brochure from the Rhode Island Department of Agriculture and Conservation, Division of Forests, and several photographs together with a large map of the area in which the proposed camp sites would be located.

Several remonstrants objected on the grounds that the proposed use would depreciate the value of their property, constitute a nuisance, fire and traffic hazards and would attract irresponsible transients. Counsel for Walker, who claimed not to have received written notice, joined in these objections and argued that the special exception sought was not authorized under art. VI, sec. 2f, of the ordinance, which provides as follows:

"Recreation Uses. Permit in an F zone outdoor commercial recreation uses such as a golf course, camp for boys and girls, rod and gun club, and bathing beach, but not including the commercial recreation uses listed in Art. II Sec. 5a. In granting permission the Board may make regulations concerning hours of operation, parking, and other matters as it may deem necessary to prevent nuisance to nearby property."

The first section of art. VI provides that before the board may authorize a special exception, the applicant shall show that the public convenience and welfare will be served and that the appropriate use of neighboring property will not be substantially or permanently injured.

After considering the evidence the board granted a special exception and it is apparent that they based their decision on the provisions of art. VI, sec. 2f. In doing so

the board found that authorizing the use applied for would not be contrary to public interest or detrimental to adjacent property. They further found that "the proposed use of said property would contribute to the economy of the State of Rhode Island in that proper tourist infiltration will be invited and also will assist in the preservation of a wildlife area, and * * * the operation of camp sites at the location in question will contribute beneficially to the economy of the Town of Smithfield * * *." The board also directed "that any directional signs shall be in good taste and in keeping with the area and that all State and Town regulations shall be strictly adhered to."

The petitioners make several contentions in support of their position that the decision of the board is invalid and we shall consider them seriatim.

They argue first that the board acted in excess of their jurisdiction in that no such exception as that granted is authorized by the ordinance; that the board ignored the requirement that the public convenience would be served; and that in any event there is no competent evidence to support the decision.

We are unable to agree with the contention that the special exceptions authorized in art. VI, sec. 2f, do not include the specific exception sought and granted. It is clear from the use of the generalizing phrase "such as" that, by implication, the local legislature intended the specified use, "camp for boys and girls," should be liberally construed, and that the listing of the exceptions in sec. 2f under the heading "Recreation Uses" is further persuasive. In *Earle v. Zoning Board of Review*, 96 R. I. 321, 191 A.2d 161, this court pointed out that, in determining restrictions upon an owner's use of his property in instances where doubt exists as to the legislative intent, the ordinance should be interpreted in favor of the property owner.

Although it is true that in the instant cause the board failed to find, in so many words, that the public conveni-

ence would be served, such failure is not necessarily fatal to the decision if there is evidence from which the required finding could be made. See *Durfee* v. *Zoning Board of Review,* 94 R. I. 316, 180 A.2d 452. We think that such evidence was before the board here. The applicant testified in this regard and the views of two state agencies were made a part of the record. Indeed, it is clear from some of the board's phraseology that they were in some measure persuaded by such views.

It does not strain one's imagination to conclude that, in light of the population explosion, ideal camp sites will not be found in abundance with the passing of time; further, that family camping is a wholesome feature of American life is not open to serious question. Moreover, there is not herein as in *Earle* v. *Zoning Board of Review, supra,* a complete absence of the required finding. Rather, the board substituted their own phraseology, but in our judgment they were equating it with the language set forth in the ordinance.

Nor is there merit in the argument that the record is barren of evidence competent in law to support the board's decision. It may be meager, but no proposition in the law of zoning is more firmly established than that this court does not ordinarily weigh the evidence in passing on the question of whether a local board acted arbitrarily.

The petitioners also contend, as we understand them, that pursuant to the provisions of art. VI, sec. 2f, the board were required to find that the exception granted was in harmony with other uses permitted by the ordinance. The provision in question, however, is not applicable to the instant application and this contention need not be further considered.

The petitioners next argue that the board were without jurisdiction for the reason that one of them did not receive the written notice required by the ordinance. They acknowledge the principle enunciated in previous decisions of

this court, namely, that the purpose of notice is to afford a property owner an opportunity to be heard and, consequently, attendance at the hearing constitutes a waiver of the notice requirements. See *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130, and *Hirsch* v. *Zoning Board of Review*, 56 R. I. 463. However, they argue that because he did not learn of the hearing until the very day on which it was to be held, he was afforded no opportunity to prepare his objections adequately. The record discloses that counsel merely mentioned that his client had received no written notice. He raised no objection to the board's proceeding with the hearing nor did he request that the hearing be continued to a later date. In such circumstances, we adjudge this contention to be lacking in merit.

Finally, petitioners argue that the board were improperly constituted and by virtue of the ruling in *May-Day Realty Corp.* v. *Zoning Board of Review*, 77 R. I. 469, were precluded from hearing the application or making any decision thereon. They rest this contention on the fact that one of the members of the board had resigned prior to the hearing and, although the auxiliary member participated in the hearing as a fifth member, the board were without jurisdiction absent a composition of five regular members and an auxiliary member.

In the *May-Day Realty* case no auxiliary member who could take the place of a member deceased had been appointed and thus only four members of the board participated. We held that an applicant for an exception or variance is entitled to a full complement of five members and for that reason the legislature had intended to make the appointing of an auxiliary member mandatory on the appointing authority. The rationale of that decision, however, was that there should be five participating members at any hearing. Here, five members did participate and the case cited is not controlling.

For the reasons stated, it is our judgment that none of the petitioners' contentions has merit and the decision of the board should not therefore be disturbed.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are ordered returned to the respondent board with our decision endorsed thereon.

*Francis J. Maguire,* for petitioners.

*Thomas F. Kelleher,* for respondent board.

*Kingsley L. Bennett,* for applicants.