223 A.2d 545.

HARRY C. TOOLE, SR. *et al. vs.* THE MAY-DAY REALTY CORPORATION *et al.*

NOVEMBER 10, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a bill in equity to declare null and void a certain amendment[1] to the zoning ordinance of the city of Pawtucket and to enjoin the respondents from acting under and enforcing the provisions thereof. A restraining order was issued and the cause was then heard on bill, answer and proof. The trial justice denied the respondents' motion to dismiss at the conclusion of the complainants' case and, after the hearing, rendered a decision and entered a decree based thereon granting relief substantially in accordance with the prayers of the bill. The cause is before us on the respondents' appeal from such decree.

The narrow issue presented by this record is whether the change effected by the amendment in question is in conformity with the comprehensive plan for zoning in effect in the city.

This case arose as a result of the enactment of an amendment to the zoning ordinance rezoning two lots owned by respondent, The May-Day Realty Corporation, hereinafter referred to as May-Day. The mayor and the building inspector are joined as parties respondents. The complainants are taxpayers and owners of residential properties located within 1,000 feet of May-Day's lots.

---

[1]Chapter 994 approved September 24, 1964:
An ordinance in amendment of Chapter 312 designated as an ordinance zoning the City of Pawtucket and establishing height, area and use districts.

In 1939, May-Day purchased the lots in question which were laid out and designated as lots numbered 852 and 857 on assessor's plat 66 and are located in a residence A zone in the Oak Hill section of the city of Pawtucket. Since the enactment of the original ordinance in 1928, all of plat 66 has been zoned residence A except a small area on East avenue. Property across East avenue on the westerly side is zoned residence B.

Lot 852 is an unimproved lot extending from Alfred Stone Road to Ridge street, a distance of approximately 465 feet. It has an area of approximately 58,000 square feet. Along Ridge street it is about 120 feet wide and along Alfred Stone Road it is 130 feet wide. Lot 857 abuts lot 852 and contains about 28,000 square feet. Located on part of lot 857 are a greenhouse and florist shop, non-conforming uses which existed prior to the 1928 ordinance. Also located on the lot is a large house which was converted in stages: In 1928 there were three families living in the building and in 1939 it was converted into a five-unit dwelling under a special exception granted to May-Day.

It appears from the record that the area in which the lots are situated is predominantly a community of one-family homes with only a few two- and three-family houses and the one five-family dwelling on lot 857. A grocery store and beauty parlor are located a block away. With the exception of the five-family house and a small duplex house under construction, all other multi-family dwellings on the plat, as well as the stores, were built before 1928. Except for the duplex house just mentioned, all new construction on plat 66 has been single-family homes.

In June 1964, May-Day petitioned the city council to amend the zoning ordinance by changing the zoning of lots 852 and 857 from a residence A district to a residence B district. The proposed amendment did not change the classification of any other land in the area.

The permitted uses in a residence A district include one-family homes and certain other uses but not multiple dwelling units or apartment houses. Revised Ordinances of Pawtucket 1953, sec. 26.5. Multi-family homes, including apartment houses, are permitted uses in a residence B district. Section 26.6.

Pursuant to sec. 2-308 of the city charter the city council referred the proposed change to the city planning commission for its advice and the commission recommended that the petition be denied.

Thereafter the city council held a public hearing in accordance with the requirements of G. L. 1956, §45-24-4. May-Day stated at this hearing that if the amendment were adopted it proposed to apply for a permit to construct on lot 852 two apartment buildings, each containing 12-family units, with parking facilities on both lots. After the hearing the council adopted the amendment rezoning lots 852 and 857 and the mayor approved the same. The complainants then brought the instant bill in equity.

At the hearing in the superior court the parties presented in evidence numerous exhibits and the testimony of various witnesses, including real estate experts and experts in city planning. After the hearing the trial justice rendered a decision upon which he based the decree which is the subject of this appeal. In his decision he referred generally to the evidence, but concluded, and we believe correctly so, that the only issue for him to determine was whether the amendment in question had been enacted in compliance with the "comprehensive plan" requirement of §§45-24-3 and 45-24-5, which has recently been interpreted by this court in several cases. *D'Angelo* v. *Knights of Columbus Bldg. Ass'n*, 89 R. I. 76, 86; *Cianciarulo* v. *Tarro*, 92 R. I. 352, 360; *Town & Country Mobile Homes, Inc.* v. *Inspector of Buildings*, 93 R. I. 383, 387; *Hadley* v. *Harold Realty Co.*, 97 R. I. 403, 198 A.2d 149.

Although the trial justice was satisfied that the question of comprehensiveness was the only issue, out of an abundance of caution and in order to avoid further litigation if, as he said, "I am wrong in limiting the only issue upon which I say I have jurisdiction to pass," he made findings with respect to the directory provision of §45-24-3 referred to by this court in *Cianciarulo, supra,* at page 359. However, in our judgment, as we have already indicated, the trial justice correctly decided that the only issue before him was the question of comprehensiveness. Since he stated that he was not basing his decision on "any of the factors involved in these directory provisions" his findings with respect to those provisions require no discussion by us.

Our only concern here is with the evidence and findings on the issue of whether the change effected by the amendment is in conformity with the comprehensive zoning plan in effect in the city of Pawtucket. The trial justice found that lots 852 and 857 have been located in a residence A area since the enactment of the original ordinance in 1928. He also found that about 80 per cent of the dwellings are one-family houses and that there have been no real changes in the type of construction of homes in the area since the ordinance was adopted in 1928.

He concluded on the basis of the evidence before him that a comprehensive plan had been in effect since 1928. He also held that the master plan of the city of Pawtucket, which was in evidence, although not binding on anybody, was persuasive evidence that the original ordinance was "a comprehensive plan and is still comprehensive." He discussed the effects of the challenged amendment by pointing out that "when a relatively small area, considered in connection with the surrounding area and the general zoning in that area, is torn out * * * and that small area remains completely surrounded, with the exception * * * of the easterly boundary * * * by predominantly one-family homes

in an 'A' zone, that the City Council has not acted in accordance with the comprehensive plan."

Before making his ultimate finding the trial justice not only discussed further the evidence on which he relied and the reasons on which he based his decision, but he also discussed the applicable law and pointed out the factual difference between *Hadley, supra,* and the case at bar. Based on the pertinent findings in his decision he thereafter entered a final decree declaring the challenged amendment null and void and granting complainants relief substantially in accordance with the prayers of the bill.

The respondents have briefed and argued their reasons of appeal under three main points and we shall treat these in like manner. Under point 1 they argue that the bill does not allege facts which, if proved by competent evidence, would entitle petitioners to relief. This contention is without merit and requires no extensive discussion for the reason that the parties by their pleadings have joined issue on the very narrow question of whether the amendment in question was null and void because the change effected therein was not in conformity with the comprehensive plan. *Cianciarulo, supra,* page 360.

Nor is there any merit in respondents' contention that the denial of their motion to dismiss at the conclusion of complainants' case was prejudicial error. The complainants presented evidence, both testimonial and by way of exhibits, which showed the character of the neighborhood and the special treatment given to May-Day's lots, which were relatively small in area in comparison to the whole of plat 66. This amendment affected only lots 852 and 857 and resulted in creating an island zoned for residence B uses in a predominantly residence A zone. The factual situation here is substantially similar to that in *D'Angelo, supra,* and in view of our decision in that case the trial justice correctly denied respondents' motion to dismiss.

We consider next respondents' contention under point 2 in their brief that the decision of the trial justice and the decree entered thereon are contrary to the law and against the evidence and weight thereof. We note at the outset that in our judgment there is no merit in respondents' argument that the trial justice misconceived the evidence or the law or our decision in *Hadley, supra*. On the contrary we are satisfied that he considered the pertinent evidence relating to comprehensiveness and resolved any conflicting evidence on this issue against respondents. In the circumstances we cannot say that his findings are clearly wrong and therefore they will not be disturbed by this court. *Town & Country Mobile Homes, Inc.* v. *Inspector of Buildings, supra*, at page 387.

The legal problems involved in the amendatory process of zoning regulations have been discussed and considered in depth in the cases heretofore cited in this opinion. It will serve no useful purpose to discuss those cases here except to point out that the principles of law stated in them apply to the case at bar and that in our opinion the instant case is controlled by our decision in *D'Angelo, supra*. As was the situation there, the reclassification of May-Day's two lots "does not appear to be consistent with the classification of surrounding properties similarly situated." *D'Angelo, supra*, at page 87. We therefore hold that the trial justice did not err in deciding that the amendment was not in accord with the statutory requirement of comprehensiveness in zoning.

We come finally to respondents' contention under point 3 that certain evidentiary rulings constituted prejudicial error. The respondents argue that the trial justice abused his discretion in ruling that one John W. Agnew was not qualified as an expert to give opinion testimony on the issue of whether the ordinance was "an example of spot zoning." There is no offer of proof upon the record to indicate what

Mr. Agnew's testimony would be if it were allowed. Absent such offer of proof, respondents' contention is without merit. *Arden Engineering Co.* v. *E. Turgeon Construction Co.*, 97 R. I. 342, 350, 197 A.2d 743, 747.

The respondents contend that the trial justice committed prejudicial error in admitting in evidence the master plan of the city of Pawtucket. This master plan made and adopted pursuant to the directions of sec. 4-1600 of the city charter and completed in 1961 includes a zoning plan map which carries intact as a residence A zone the entire area encompassed by plat 66. In referring to that plan, the trial justice expressly stated that he did not consider it binding on anybody but that, because of the manner in which it was prepared, it was persuasive evidence that "the original 1928 ordinance was a comprehensive plan and is still comprehensive."

This ruling in our opinion was not erroneous. It is clear from the transcript that the trial justice was impressed with expert William H. Claflin's testimony that this plan was the result of a one-half year project in which every lot and structure in Pawtucket was studied; that it took four months to prepare; that there were public hearings held; and that it was subsequently approved by the city council and the mayor, though not as an ordinance. Relying in part on that testimony, the trial justice concluded that the plan had some standing as evidence pertinent to the issue of comprehensiveness.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Temkin, Merolla & Zurier, Melvin L. Zurier,* for complainants.

*Francis R. Foley,* for respondents.