Catherine E. **GRAZIANO** and
John P. **Hawkins**

v.

**RHODE ISLAND STATE LOTTERY
COMMISSION et al.**

No. 97–144–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 2002.

Keven A. McKenna, Providence, Catherine E. Graziano, for Plaintiff.

William P. Devereaux; Claire J. Richards, John Tarantino; Patricia Rocha; Robert P. Brooks; Stephen A. Izzi; Robin L. Main; James R. Lee, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, JJ. and WEISBERGER, C.J. (Ret.).

## OPINION

WEISBERGER, Chief Justice (Ret.).

This case comes before us on the appeal of plaintiffs Catherine E. Graziano and

John P. Hawkins from a summary judgment entered in the Superior Court in favor of the defendants on all issues raised in the plaintiffs' second amended complaint, save only Count I, which alleged a violation of the Rhode Island Open Meetings Act. The defendants have cross-appealed from that portion of the Superior Court judgment entered after trial, which held them to be in violation of the Open Meetings Act, G.L. 1956 chapter 46 of title 42.

The plaintiff Hawkins also appeals from the open meetings portion of the judgment on the ground that it failed to award him reinstatement to his position as Director of the Rhode Island Lottery Commission.

We affirm the summary judgment entered in the Superior Court in favor of the defendants but reverse that portion of the judgment which held the defendant Lottery Commission to have been in violation of the Open Meetings Act. The facts and procedural history of this case insofar as pertinent to the appeal are as follows.

### Facts and Procedural History

This controversy arises out of the dismissal by the Lottery Commission of plaintiff John P. Hawkins (Hawkins) as the Director of the Lottery Commission on March 25, 1996. Hawkins had been appointed to the Lottery Commission on October 28, 1993, by then Governor Bruce Sundlun. This appointment was confirmed and approved by the majority of the members of the Lottery Commission. *See* G.L. 1956 § 42–61–3. This statute also provides that the director "shall serve at the pleasure of the commission."

Prior to his termination, disagreements had arisen between Hawkins and certain members of the Lottery Commission in respect to the introduction of a televised bingo program as part of the Lottery Commission's activities, the hiring of a public relations consultant, a trip to Maine on a chartered plane, and his general management style. Other public officials, including Governor Lincoln C. Almond, had been publicly critical of Hawkins' management practices. On Friday, March 22, 1996, the Commission caused a secretary to post a notice on the front door of its headquarters in Cranston at approximately 4 p.m., setting forth that a meeting of the Commission would take place on Monday, March 25, 1996 at 4 p.m. The subject of the meeting was entitled "correspondence."

On March 25, 1996, the Lottery Commission met with seven members in attendance. Also present at the meeting were plaintiff Hawkins, his attorney, plaintiff Catherine E. Graziano (plaintiff Hawkins' sister) as well as numerous members of the public, including representatives of the media, both print and electronic (television stations 6, 10 and 12).

The meeting was called to order at the time specified in the notice. Commissioner Donald Wyatt moved passage of a resolution to terminate Hawkins in his position as director. The motion passed by unanimous vote of all commissioners in attendance. Two members were absent.

On August 26, 1996, plaintiffs Hawkins and Graziano filed a complaint in the Superior Court for the County of Providence, alleging numerous violations of Hawkins' rights to the position of lottery director, based upon his statutory tenure by reason of his length of service as counsel to the Lottery Commission and as director of said Commission. The complaint alleged that Hawkins had a property right to the position of director, pursuant to article 3, section 7 of the Rhode Island Constitution. It also alleged that the Commission had violated the Rhode Island Open Meetings Act, violated the doctrine of promissory estoppel and that the Commission and

public officials had stigmatized Hawkins' reputation. He further alleged violation of the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988. The plaintiff Hawkins alleged violations of his contractual rights and his rights of association, pursuant to the First Amendment of the Federal Constitution.

On April 28, 1997, the plaintiffs appeared before a justice of the Superior Court who denied plaintiffs' request for a temporary restraining order and a preliminary injunction. Thereafter, on October 28, 1997, Hawkins filed a complaint in the Federal District Court for the District of Rhode Island that was later described by a Federal District Court Judge as "a carbon copy of the original state court complaint." The federal complaint did add a claim for violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 to 634, and added a number of new defendants, including the Rhode Island Senate Majority Leader, the Speaker of the Rhode Island House of Representatives, the Rhode Island Personnel Appeals Board, and its individual members (the Personnel Appeals Board and its members subsequently were dismissed by plaintiff). On March 27, 1998, the parties came before a Federal District Court Judge for a determination of various motions to dismiss. At that time, plaintiff voluntarily dismissed the claim in his federal complaint which alleged the violation of the state's Open Meetings Law. The parties agreed to modify the pending motions to dismiss into motions for summary judgment. The plaintiff Graziano was not a party to the federal action.

In spite of the filing of the federal complaint, both plaintiffs continued to prosecute their action in state court. On January 29, 1999, a Superior Court justice considered the parties' motions for summary judgment with respect to a second amended complaint that Hawkins had filed in the Superior Court. That amended state complaint contained six counts, including a claim for violation of the "Open Meetings Law." The plaintiff sought to add two additional claims alleging estoppel and age discrimination, but the Superior Court justice refused to add those claims to the second amended complaint. Generally, the claims in the second amended complaint were the same as those advanced in the federal complaint. The Superior Court justice granted the defendants' motions for summary judgment on all of plaintiffs' claims, save the claim for the violation of the Open Meetings Law. On June 6, 1999, Hawkins filed a petition for certiorari with this Court seeking review of the Superior Court's granting of summary judgment (which was not final since the open meetings claim was still pending). This Court denied the petition for certiorari.

The Federal District Court proceeded to decide the motions for summary judgment, rejecting plaintiffs' claims of *res adjudicata* and abstention. The District Court granted motions for summary judgment filed by the defendants in favor of the defendants on all claims then pending before that court. This decision was entered on March 16, 2000. Judgment in favor of the defendants was entered on all claims, save the claim for violation of the Rhode Island Open Meetings Act, which had been voluntarily dismissed by plaintiff.

The District Court judgment was appealed to the Court of Appeals for the First Circuit, and a panel thereof affirmed the District Court judgment on January 31, 2001. No petition for certiorari to the United States Supreme Court was filed by plaintiff Hawkins. No other review was sought. The judgment therefore is final as to Hawkins and the defendants named in

said action, including all defendants before this Court on appeal.

The defendants have set forth numerous arguments in support of the judgment of the Superior Court on all issues save the Open Meetings Act violation. In respect to that issue, defendants contend that the Superior Court justice erred.

The plaintiffs argue that the Superior Court erred in granting summary judgment against them on Counts II, III, IV, V, and VI of the Second Amended Complaint. The plaintiffs also contend that the Superior Court justice erred in declining to reinstate plaintiff Hawkins to his position as Director of the Lottery Commission and grant him all other associated benefits.

During the pendency of the court actions, plaintiff Hawkins sought relief from the Personnel Appeals Board pursuant to G.L.1956 § 36-4-42. The board denied jurisdiction on the ground that similar relief had been sought in the judicial forum. That decision was appealed to the Superior Court which upheld the decision of the board. Hawkins then sought review by certiorari in this Court. The petition was denied.

Although the parties in their respective briefs have raised a multiplicity of issues, we are of the opinion that two issues are dispositive of this appeal. We shall discuss these issues in the order of their significance to this opinion. Additional facts will be supplied as necessary to deal with these issues.

## I. Res Adjudicata

The defendant members of the Lottery Commission and the Director of Administration argue that all the claims asserted by Hawkins in the Superior Court, save his claim for violation of the Open Meetings Law, are barred by the doctrine of *res adjudicata*. We are persuaded that the defendants' argument has merit.

■ As previously indicated in the Statement of Facts and Procedural History, the plaintiffs Graziano and Hawkins filed a complaint in the Rhode Island Superior Court for the County of Providence on August 26, 1996. The plaintiff Hawkins thereafter filed a complaint in the District Court of the United States for the District of Rhode Island on August 28, 1997. The federal complaint was substantially identical in its allegations to those contained in the state complaint except the federal complaint contained requests for relief on age discrimination grounds under the ADEA. These two actions followed a parallel course of adjudication, but the federal action achieved finality of judgment while the state action is still before us on appeal.

In the state action, a Superior Court justice entered summary judgment on all counts except the Rhode Island Open Meetings claim on February 8, 1999. This ruling was appealed to this Court and that appeal is now before us. On March 6, 2000, a Federal District judge rendered in favor of the defendant members of the Lottery Commission, and other state officials, summary judgment on all counts of the federal complaint. The summary judgment was appealed to the Court of Appeals for the First Circuit, which upheld the District Court judgment on January 31, 2001. No petition for certiorari or other petitions for review were filed in respect to the judgment of the Court of Appeals. This judgment became final and is conclusive on plaintiff Hawkins and all defendants who were named in the federal complaint. This included all members of the Lottery Commission as well as the Director of Administration and a number of other state officials. The federal action was based upon the federal question of the jurisdiction of the District Court and upon

its pendent jurisdiction over the claims of plaintiff Hawkins, which were based upon state statutes and other sources of state law. The open meetings claim was voluntarily dismissed by plaintiff Hawkins from the federal action.

■ The law is well settled in Rhode Island that a prior judgment rendered between the same parties is conclusive upon those parties in respect to any issues that were raised and litigated or that could have been raised and litigated in the prior proceeding. *See Hebert v. Ventetuolo*, 480 A.2d 403, 405–06 (R.I.1984); *Air–Lite Products, Inc. v. Gilbane Building Co.*, 115 R.I. 410, 422, 347 A.2d 623, 630 (1975).

■ An examination of the complaints and the parties in the state action and the federal action discloses that they are substantially identical. All the defendants in the state action also were defendants in the federal action, along with some additional defendants who did not affect the outcome. The plaintiff Graziano was not a party to the Federal action, but she was a party to the State action only in respect to the open meetings law issue. All the other allegations and claims in both complaints related to plaintiff Hawkins and were based upon his challenges to his dismissal from his position as Director of the Lottery Commission and his claims for equitable and monetary relief arising out of that dismissal. A summary judgment entered in a Federal Court constitutes a determination on the merits and is a final preclusive judgment. *See Hebert*, 480 A.2d at 406. A summary judgment entered by one court will operate as a bar to another action pending and may be the basis for a summary judgment in the other pending action. *See Air–Lite Products, Inc.*, 115 R.I. at 423, 347 A.2d at 630. The party whose rights have been adjudicated in one action adversely to such party cannot maintain a second action even on grounds

that could have properly been raised but were not raised in the former action. *Garganta v. Mobile Village, Inc.*, 730 A.2d 1, 4–5 (R.I.1999); *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I.1996).

■■ The plaintiff Hawkins argues in his brief that decisions by a Federal Court on state law issues will not be binding upon this Court, which is the ultimate arbiter of state law in this jurisdiction. This argument is true, but misses the mark on the principle of *res adjudicata*. Certainly, opinions of a Federal Court on matters of state law have no binding precedential effect upon subsequent litigation between other parties that may come before this Court for review. However, judgments of a Federal Court between the same parties are conclusive as required by the doctrine of *res adjudicata*. *See Licht v. Quattrocchi*, 454 A.2d 1210, 1215 (R.I.1982). The preclusive effect of a judgment does not require that a subsequent court agree with the earlier tribunal, but only that the court have jurisdiction of the parties and the subject matter and render a final judgment thereon. *See id.*

Since the federal judgment became final while the issues in the state court were still pending on appeal, it superseded and precluded further litigation between the parties in the state fora, including this Court. Consequently, all of Hawkins' claims against the Lottery Commission and other state officials have been finally adjudicated in the Federal Court and preclude his pressing such issues before this Court. Since the Superior Court had already rendered judgment in favor of the defendants on all of the Federal District Court issues before the Federal Court issued its final judgment, the defense of *res adjudicata* could not be raised in the Superior Court. It is properly raised before this Court since the federal judgment be-

came final while these issues were pending on appeal before us.

The federal judgment precludes all claims asserted by Hawkins in the case at bar with the exception of the open meetings claim, which was voluntarily dismissed. Hawkins' appeal on all other substantive demands and claims that were litigated in the Federal Court must therefore be denied. This preclusion would apply to all counts of his second amended complaint, save Count I.

## II. Open Meetings Act

After summary judgment had been entered on all of the claims of plaintiff Hawkins, the justice of the Superior Court, to whom the case had been assigned, conducted a trial on the Open Meetings Law issue in December of 2000 and January of 2001. After the conclusion of this non-jury trial, the trial justice issued a decision from the bench on February 12, 2001, and entered final judgment on the Open Meetings count on July 30, 2001. She found as a fact and held as a matter of law that the Lottery Commission and its members had willfully violated the requirements of the Open Meetings Act. She further found as a fact that the Commission members had not participated in any surreptitious meeting, nor had they engaged in any conspiracy against Hawkins. She found that the notice of the meeting was deficient and held that the meeting of March 25, 1996, was null and void and fined the Lottery Commission $1,000. With these findings and conclusions of law, we respectfully disagree.

The notice of the meeting to be held on March 25, 1996, was allegedly posted on the front door of the Lottery Commission office located at 1425 Pontiac Avenue, Cranston, Rhode Island on March 22, 1996 at approximately 4 p.m. The trial justice found as a fact after discussing the

testimony of various witnesses that the secretary who posted the meeting was not credible on this issue. She therefore determined that Miss Rose did not post the notice by 4 p.m. and that less than 48 hours passed between the time of the posting of the notice and the opening of the meeting. The trial justice also found that the notice of the meeting, which set forth the subject as "correspondence," was insufficient. It appears undisputed that the meeting was well attended and that both the print media and representatives of the television stations were in attendance. However, we are of the opinion that it is unnecessary for this Court to review the findings of the trial justice as to the adequacy of notice on the merits, because the plaintiffs Graziano and Hawkins have no standing to raise this issue. It is undisputed that both plaintiffs were present at the meeting and therefore were not aggrieved by any defect in the notice. Section 42–46–8 of the Open Meetings Act provides that:

"a) Any citizen or entity of the state who is *aggrieved* as a result of violations of the provisions of this chapter may file a complaint with the attorney general * * *." (Emphasis added.)

This Court has held on numerous occasions that actual appearance before a tribunal constitutes a waiver of the right of such person to object to a real or perceived defect in the notice of the meeting. See *Ryan v. Zoning Board of Review of New Shoreham*, 656 A.2d 612, 616 (R.I. 1995); *Estate of Konigunda v. Town of Coventry*, 605 A.2d 834, 835 (R.I.1992); *Zeilstra v. Barrington Zoning Board of Review*, 417 A.2d 303, 307 (R.I.1980); *Champagne v. Zoning Board of Review of Smithfield*, 99 R.I. 283, 288, 207 A.2d 50, 53 (R.I.1965). The trial justice distinguished these cases on the ground that they were zoning or land use cases. Al-

though this distinction may be argued, it is scarcely conclusive in its effect. Abutting owners and other members of the public who may have an interest in petitions pending before zoning boards or town councils are as much entitled to protection and opportunity to be heard as is the public at large in respect to a meeting of a public body of the nature of the Lottery Commission. It is not unreasonable to require that the person who raises the issue of the defect in notices be in some way disadvantaged or aggrieved by such defect. While attendance at the meeting would not prevent a showing of grievance or disadvantage, such as lack of preparation or ability to respond to the issue, no such contention has been set forth in the case at bar. The burden of demonstrating such a grievance is upon the party who seeks to establish standing to object to the notice.

It is argued that plaintiff Graziano objects to the notice on behalf of the public. Insofar as she was a representative of the public, she was also present at the meeting. Hawkins, on his own behalf, was present at the meeting and was admittedly aware of its purpose. It can scarcely be contended that the public was aggrieved when the media and their representatives were present in force. The meeting was neither corrupt, surreptitious, nor held in the absence of the light of public view.

In any event, the two plaintiffs in this case failed to articulate any grievance that would establish standing to object to the quality of the notice. We therefore conclude that the trial court erred as a matter of law in declaring the meeting null and void as to the plaintiffs in this case and in fining the members of the commission for violating the Open Meetings Act. The trial justice further erred in awarding plaintiff Graziano attorneys fees and costs for her efforts in challenging the notice of the meeting which she attended.

## Conclusion

For the reasons stated, the appeal of the plaintiffs from the summary judgment entered in favor of the defendants is denied and dismissed. The appeal of the defendants from the judgment of the Superior Court declaring that the Lottery Commission and its members violated the Open Meetings Act and awarding attorneys fees and costs to plaintiff Graziano is sustained. The papers in the case shall be remanded to the Superior Court with direction to enter judgment in favor of the defendants on all issues including Count I of the plaintiffs' second amended complaint.

Justice GOLDBERG did not participate.